PENNSYLVANIA STEEL CO. v. NEW YORK CITY RY. CO. et al.

(Circuit Court, S. D. New York. January 2, 1909.)

RECEIVERS (§ 158*)—EQUITABLE RULE AS TO PRIORITIES—CLAIMS ENTITLED TO PRIORITY.

The surety on supersedeas bonds given by a street railroad company on appeals from judgments against it, which has been compelled to pay such judgments on their affirmance after the insolvency of the company, is not entitled to rank as a preferred creditor in the insolvency proceedings against the company with creditors having claims for supplies furnished to keep the road in operation.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. § 303; Dec. Dig. § 158.*]

Wm. J. Wallace and Henry C. Wilcox, for petitioner.
Masten & Nichols, for receivers of Metropolitan St. Ry. Co.
J. Parker Kirlin, for Metropolitan St. Ry. Co.
Chas. T. Payne, for Morton Trust Co.

LACOMBE, Circuit Judge. This is a petition for an order permitting petitioner to intervene as a party defendant, and directing the special master to classify the petitioner's claim as one entitled to priority and payable by the receivers ratably with those of supply claimants whose demands arose within four months prior to the appointment of receivers and were incurred by the New York City Railway Company as operating expenses, and directing receivers to pay such claim ac-

cordingly. The claim, which consists of many items, arises under the following circumstances: Prior to the appointment of receivers, whenever a judgment (usually in an action for tort) was entered against the New York City Railway and the company desired to review it on appeal, the petitioner, as surety, executed the supersedeas bond which was necessary in order to stay execution. As such judgments have from time to time been affirmed, petitioner has been compelled to pay the same, and now asks to be reimbursed on the theory that by giving such bonds it prevented interference with the property by levies under execution.

The question has been several times considered, and the decisions are not harmonious. The opinion of the Circuit Court of Appeals for the Sixth Circuit in Whitely v. Central Trust Company, 76 Fed. 74, 22 C. C. A. 67, 34 L. R. A. 303, commends itself, and will be followed here.

The motion is denied.